## DI NAPOLI v. NEW YORK, N. H. & H. R. CO.

(Supreme Court, Appellate Division, Second Department. January 21, 1910.)

1. MASTER AND SERVANT (§ 141*)—SAFE PLACE TO WORK—OBLIGATION OF MASTER.

The rule that, when men are engaged in working on a railroad track, the master in the exercise of reasonable care. must provide some one to keep watch of approaching trains and give warning to the men, is founded on the reason that the place where the men are at work is a place of danger, and ordinary attention to the work makes it difficult for them to exercise watchful care for their own safety.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 283, Dec. Dig. § 141.*]

2. MASTER AND SERVANT (§ 137*) — SAFE PLACE TO WORK — OBLIGATION OF MASTER.

One employing men to put concrete foundations for piers on each side of a railroad track need not employ one to keep watch of approaching trains and give warning to the men, where the place of work was safe, though the men were occasionally sent on errands across the track

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

under circumstances which did not require them to pay attention to anything except their own safety.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 270, 280; Dec. Dig. § 137.*]

Woodward and Rich, JJ., dissenting.

Appeal from Trial Term, Westchester County.

Action by Antonia Di Napoli, administratrix of Giovanni Di Napoli, deceased, against Edward F. Lathrop and others. From a judgment for plaintiff against defendant Edward F. Lathrop and another, they appeal. Reversed, and new trial granted.

Argued before WOODWARD, JENKS, BURR, THOMAS, and RICH, JJ.

I. R. Oeland, for appellants.

Martin T. Manton, for respondent.

BURR, J. This action was originally brought against the New York, New Haven & Hartford Railroad Company, Edward F. Lathrop, and John J. Shea by the administratrix of Giovanni Di Napoli, deceased, to recover for the pecuniary injuries resulting to his next of kin from his death. Upon the trial the complaint was dismissed as against the railroad company. The motion made by defendants Lathrop and Shea at the close of plaintiff's case to dismiss the complaint as to them was denied, and from a judgment entered upon the verdict of a jury in plaintiff's favor, and from an order denying a motion for a new trial, the said defendants bring this appeal.

The negligence charged against the said defendants was a failure to provide the plaintiff, who was their servant, with a safe place to work. The specification of negligence was the failure to provide some one to warn plaintiff when he crossed the tracks of the railroad company of approaching trains. Neither plaintiff nor any laborer, foreman, materialman, nor carpenter employed by said defendants had any work to do upon these tracks. They had nothing whatever to do with them. The defendants were engaged in putting concrete foundations for piers upon each side of the track. Their work consisted in digging a hole some distance removed from the line of the track and pouring cement or concrete into it. A different gang and different foreman worked on opposite sides of the tracks. Sometimes one gang would work more rapidly than the other, and then it would be temporarily shifted across the track to keep the work upon each side thereof about equally advanced. This would happen only once in two or three days. Occasionally, if the gang working on one side of the track was out of material, a man or men would be sent across the track to get it, borrowing from the other gang. As one of plaintiff's witnesses expressed it, "that would happen any day almost." The work might go on even for a day without the need of any workman or laborer crossing the track at all. When they did have occasion to cross the track, there was nothing to engage their attention or to divert it, so that they could not be expected to look out for and avoid approaching trains. On the day in question the gang in which plain-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tiff's intestate was employed resumed work at half past 12. About 1 o'clock the foreman told him to cross the track and get a plumb line for him. He crossed the track, got the plumb line, which was the ordinary plumb at the end of a string six or seven feet long, which he could have put into his pocket. On his return he was struck by a passenger train and killed.

We think it is very doubtful if there was sufficient evidence to go to the jury on the question of freedom from contributory negligence on the part of the deceased. But, if there was, certainly there was no negligence on the part of the defendant. The only reason for the rule that, when men are engaged in working upon a railroad track, the master in the exercise of reasonable care should provide some one to keep watch of approaching trains and give warning to the men there employed, is that the very place where they are at work is a place of danger, and ordinary attention to the work in hand might make it difficult for those so employed to exercise watchful care for their own safety. To hold that, because a workman whose place of work was perfectly safe was occasionally sent on an errand across a railroad track under circumstances which did not require him to pay attention to anything except his own safety while crossing such track, it was necessary to have some one to watch and warn him of approaching trains, would be an unreasonable burden upon the master. One might just as well contend that if a gang of men were engaged in work upon one side of a street or avenue, and it became necessary to send one of them on an errand across such street, the master should detail some one to keep watch and take care of him while he passed from one side of the thoroughfare to the other.

The judgment and order appealed from should be reversed and a new trial granted, costs to abide the event.

JENKS and THOMAS, JJ., concur.

WOODWARD, J. (dissenting). The defendants Lathrop and Shea appeal from a judgment entered upon a verdict awarding the plaintiff $4,500 in an action to recover damages sustained, as it was alleged, through the negligence of the defendants, resulting in the death of the plaintiff's intestate; and from an order denying a motion for a new trial. At the close of the plaintiff's case, the complaint was dismissed as against the defendant railroad company.

The action was brought under section 4702 of the General Statutes of Connecticut of 1902, and it is conceded that that law governs; the accident having happened near Stamford in that state.

The plaintiff's intestate was employed as a carpenter by the defendants Lathrop and Shea, who were copartners engaged in putting in concrete abutments for the defendant railroad along its lines. These abutments were being placed along both sides of the tracks, and two gangs of workmen were engaged—one gang on the east side of the tracks, the other on the west side. As the work progressed these gangs were shifted, from time to time, from one side of the tracks to the other to do their respective kinds of work; and the men were

frequently required to cross from one side to the other of the tracks to carry material and working tools. On the day the plaintiff's intestate lost his life, he was working on the westerly side of the tracks, and from there his foreman sent him across to the easterly side to get a plumb line. Returning with this, as he approached the most easterly track, he stopped to wait for the passing of a freight train going north on the next track to the east. He then looked up and down the track, stepped over the easternmost rail, and was struck by a Boston-bound express train and killed. The express had just rounded a sharp curve to the south, and the view down the track from where the deceased was struck was somewhat obstructed by buildings.

The Connecticut statute under which the action was brought reads:.

"Master's duty to a servant.—It shall be the duty of the master to exercise reasonable care to provide for his servants a reasonably safe place in which to work, reasonably safe appliances and instrumentalities for his work, and fit and competent persons as co-laborers; to exercise a reasonable care in the appointment or designation of a vice-principal and to appoint as such vice-principal a fit and competent person. The default of a vice-principal in the performance of any duty imposed by law on the master shall be the default of the master."

The principal charge of negligence on the part of the defendants Lathrop and Shea is that they did not maintain any system to warn their employés of the approach of trains. The place where the plaintiff's intestate met his death was an extremely dangerous one, there being four parallel tracks of the defendant company, with trains constantly passing at high rates of speed, and a trolley line, between the places along the sides where the gangs were working. There is some unprofitable discussion in the briefs as to the application of the Connecticut statute—whether it is merely declaratory of the common law, or corresponds with the New York employer's liability law. But the question here is not one of the liability of the master for the default of his servants. It is rather a direct failure of the master to perform the duty owed to the servants in exercising reasonable care to afford them a reasonably safe place to work. No warnings of any sort were provided. No person was designated for that purpose by the defendants; so the question of the negligence of fellow servants and the liability for the negligent acts of vice principals can be eliminated.

The evidence that the deceased looked up and down the track before stepping over the first rail, taken in connection with his obstructed view, the confusion of the passing freight train, the necessity of crossing the tracks daily in the performance of the work, presented a question for the jury as to his contributory negligence. This question, as well as those of the defendant's negligence and the assumption of risks by the deceased, may well be disposed of by applying the principles of Felice v. N. Y. Central & H. R. R. R. Co., 14 App. Div. 345, 43 N. Y. Supp. 922, and Johnson v. Terry & Tench Co., Incorporated, 113 App. Div. 762, 99 N. Y. Supp. 375.

In the Felice Case a judgment in favor of the plaintiff in an action to recover damages for negligence was affirmed. The court said:

"We think the question of contributory negligence was properly left to the jury. It is quite true that the plaintiffs' intestate knew that the de-

fendant was in the habit of permitting its trains and engines to run down through this tunnel at comparatively high speed, and that he was bound to look out for them and avoid them. But he was supposed to know that there was imposed upon the master the duty to use all reasonable care to diminish the dangers which might arise from the running of trains through this tunnel, and he was bound only to exercise such care as would be sufficient to protect him if the defendant on its part had given him the warning to which he was entitled. McGovern v. Central Vermont R. R. Co., 123 N. Y. 280 [25 N. E. 373]; Ford v. Lake Shore & Mich. Southern R. Co., 124 N. Y. 493 [26 N. E. 1101, 12 L. R. A. 454]."

In the Johnson Case a judgment dismissing the complaint in a similar action was reversed. It was said by Mr. Justice Miller:

"While the servant assumes the dangers incident to the work which he is doing, he only assumes such dangers as arise after the master has performed its duty, and it is well settled that the duty of the master to furnish a safe place includes the duty to exercise reasonable care and prudence to guard against such dangers as may reasonably be foreseen and guarded against (Pantzar v. Tilly Foster Iron Mining Co., 99 N. Y. 368 [2 N. E. 24]; McGovern v. C. V. R. R. Co., 123 N. Y. 280 [25 N. E. 373]), and if the place may become dangerous by reason of perils not arising from the particular work, it is the master's duty to give such warning as will enable the servant in the exercise of reasonable care to avoid or guard against such additional dangers (Felice v. N. Y. C. & H. R. R. R. Co., 14 App. Div. 345 [43 N. Y. Supp. 922]). It is difficult to distinguish the case last cited from the case at bar, because it cannot matter that the added danger arose not from other work pertaining to the master's business, but from work of third persons, provided the master knew that such danger was bound to occur. In the case at bar we have the concession that the master took no means whatever to give its servant warning of a danger which it must have known was constantly occurring. The fact that it had a foreman on the spot cannot relieve it from liability, because the master could not delegate the duty of exercising reasonable care to furnish a safe place. McGovern v. C. V. R. R. Co., supra; Pantzar v. Tilly Foster Iron Mining Co., supra. See, also, Aleckson v. Erie R. R. Co., 101 App. Div. 395 [91 N. Y. Supp. 1029]. We think the evidence, considered in the light of the respondent's concession, presented a question for the jury whether the defendant failed to exercise reasonable care to guard the plaintiff from the dangers arising from the operation of the trains upon the tracks where he was at work."

I vote for affirmance.

RICH, J., concurs.